OPINION
ROTH, Circuit Judge:
Donna Theriault appeals the final order of the United States District Court for the Western District of Pennsylvania granting summary judgment for Dollar General. We exercise plenary review over a grant of summary judgment. E.g., Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir.2008). We view the facts in a light most favorable to Theriault and apply the same standard that guided the District Court. See id. Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will affirm.
Theriault asserts that the District Court erred in granting summary judgment for Dollar General on all three of her claims. Her three claims are as follows: (1) sexual harassment arising from a hostile work environment in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, et seq., (2) retaliation in violation of Title *174 VII, and (3) retaliation for attempting to obtain workers’ compensation benefits in violation of Pennsylvania law. The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291. Theriault first argues that the District Court erred in granting summary judgment on her hostile-work-environment claim because she created a genuine issue of material fact that her supervisor’s comments were severe or pervasive. To establish a prima facie hostile-work-environment claim, a plaintiff must establish five elements: (1) that she suffered intentional discrimination because of her sex, (2) that the discrimination was severe or pervasive, (3) that the discrimination detrimentally affected her; (4) that the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) that a basis for employer liability is present. See Jensen v. Potter, 435 F.3d 444, 449 (3d Cir.2006), overruled, in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).
To determine whether the comments were severe or pervasive, this Court evaluates “the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating or a mere offensive utterance; and whether it unreasonably interferes with the employee’s work performance.” Faragher v. City of Boca Raton, 524 U.S. 775, 787-88, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (internal quotation marks omitted). Here, the comments were neither physically threatening nor humiliating, and Theriault has not shown how the comments affected her work performance.
Theriault next argues that the District Court erred in granting summary judgment on her Title VII and state-law retaliation claims because she created a genuine issue of material fact that she engaged in protected activity.[1] To establish a prima facie retaliation claim, a plaintiff must establish three elements: (1) that she engaged in a protected activity; (2) that the employer took an adverse employment action against her, and (3) that a casual link existed between the protected activity and the adverse employment action. E.g., Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir.2006). To engage in protected activity, the employee must either participate in certain Title VII proceedings (the participation clause) or oppose discrimination made unlawful under Title VII (the opposition clause). Id. at 341. For either clause, “the employee must hold an objectively reasonable belief, in good faith, that the activity [she] oppose[s] is unlawful under Title VII.” Id. Or, “[t]o put it differently, if no reasonable person could have believed that the underlying incident complained about constituted unlawful discrimination, then the complaint is not protected.” Wilkerson v. New Media Tech. Charter Sch. Inc., 522 F.3d 315, 322 (3d Cir.2008).
Here, Theriault did not engage in protected activity because she complained only of a single incident that no reasonable person could have believed violated Title VII. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 269-70, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (per curiam) (holding that a plaintiff did not engage in protected activity because “[n]o reasonable person could have believed that” a single, *175 non-serious incident “violated Title VIPs standard”).
Finally, Theriault argues the District Court erred in granting summary judgment on her Pennsylvania law workers’ compensation retaliation claim because she created a genuine issue of material fact that a causal link existed between the protected activity and the adverse employment action. The Pennsylvania Supreme Court has not yet established the elements of retaliation claims. We predict that it, when presented with the opportunity, will apply the Title VII framework to Pennsylvania retaliation claims because of the similarities between the two. Accordingly, we will apply the federal elements. A plaintiff may show causation in any of the following three ways: (1) “[i]n certain narrow circumstances,” by the timing of the adverse reaction vis-a-vis the protected activity; (2) by a pattern of animus during the interval between the protected activity and the adverse action; or (3) by other circumstantial evidence concerning the employer’s motivation, including inconsistent reasons given by the employer for terminating the employee or the employer’s treatment of other employees. See Marra v. Phila. Hous. Auth., 497 F.3d 286, 302 (3d Cir.2007).
Here, Theriault did not establish causation because she was terminated several months after her alleged protected activity. See Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir.1989). Nor does Theriault rely on any evidence of a pattern of intervening animus between the protected activity and the adverse action or on any circumstantial evidence concerning Dollar General’s motivation.
For the reasons set forth above, we will affirm the judgment of the District Court.

. Theriault alleges that the termination violated both Title VII and the Pennsylvania Human Relations Act (PHRA). The PHRA "is construed consistently with interpretations of Title VII." Gomez v. Allegheny Health Servs., Inc., 71 F.3d 1079, 1084 (1995). Our analysis and conclusion for Theriault's Title VII retaliation claim are thus equally applicable to her PHRA retaliation claim.